IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Clark, | C/A No. 0:12-2669-RBH-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Fred B. Thompson, *Interen Warden*, | |
| Respondent. | |

Petitioner Anthony Clark ("Clark"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 44.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Clark was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 45.) Clark responded in opposition (ECF Nos. 56 & 58) and also filed a motion requesting an evidentiary hearing (ECF No. 49). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Clark's Petition denied.

**BACKGROUND**

Clark was indicted in September 2004 in Richland County for murder (04-GS-40-3553). (App. at 465-66, ECF No. 43-4 at 109-10.) Clark was represented by Hans Pauling, Esquire, and on January 17-19, 2006 was tried by a jury and found guilty as charged. (App. at 391, ECF No. 43-4 at 40.) The circuit court sentenced Clark to life imprisonment. (App. at 398, ECF No. 43-4 at 47.) Clark did not file a direct appeal.

Clark filed a *pro se* application for post-conviction relief ("PCR") on October 17, 2006 in which he raised claims of (1) ineffective assistance of trial counsel in that counsel failed to acknowledge violation of Clark's Fourth Amendment rights and committed multiple errors; (2) violation of Fourth, Fourteenth, and Fifteenth Amendments due to illegal search and seizure; and (3) multiple errors in that counsel failed to file a direct appeal after Clark requested him to do so. (<u>Clark v. State of South Carolina</u>, 06-CP-40-6120; App. at 400-06, ECF No. 43-4 at 50-56.) The State filed a return. (App. at 407-12, ECF No. 43-4 at 57-62.) On September 11, 2007, the PCR court held an evidentiary hearing at which Clark appeared and testified and was represented by Charlie J. Johnson, Jr., Esquire. By order filed November 26, 2007, the PCR judge denied and dismissed with prejudice Clark's PCR application. (App. at 447-463, ECF No. 43-4 at 103-07.)

Clark appealed. On appeal, Clark was represented by Robert M. Pachak, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on Clark's behalf that presented the following issue:

> Whether the trial court erred in refusing to grant a direct appeal verdict to the charge of murder?

(ECF No. 43-6 at 5.) The State filed a return. (ECF No. 43-7.) On August 10, 2012, the South Carolina Court of Appeals issued an order granting Clark's petition for a writ of certiorari. (ECF No. 43-9.)

Counsel for Clark filed a petitioner's brief on September 19, 2011 that raised the following issue:

> Whether petitioner knowingly and intelligently waived his right to a direct appeal?

PJG

(ECF No. 43-10.)  In addition, counsel for Clark filed a appellant's brief pursuant to White v. State[1] that raised the following issue on appeal:

> Whether the trial court erred in refusing to grant a direct appeal verdict to the charge of murder?

(ECF No. 43-11.)  The State filed responses.  (ECF Nos. 43-12 & 43-13.)  By opinion filed December 7, 2011, the South Carolina Court of Appeals reversed the PCR court's order, granted Clark belated review of his direct appeal issue, and affirmed Clark's conviction.  (Clark v. State, 719 S.E.2d 708 (S.C. Ct. App. 2011), ECF No. 43-14.)  The remittitur was issued January 5, 2012.  (ECF No. 43-15.)

Clark filed a second *pro se* application for post-conviction relief on March 20, 2012 ("March 2012 PCR") in which he raised claims of due process violations, ineffective assistance of counsel, and judicial error.  (ECF No. 43-16.)  The State filed a return and motion to dismiss.  (ECF No. 43-17.)  The PCR court issued a conditional order of dismissal on April 16, 2012, in which it provisionally denied and dismissed Clark's March 2012 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a).  (ECF No. 43-18.)  A final order of dismissal was filed on June 20, 2012 which found Clark's March 2012 PCR application to be successive and barred by the statute of limitations.  (ECF No. 43-20.)

Clark filed a third *pro se* application for post-conviction relief on July 17, 2012 ("July 2012 PCR") in which he raised various claims of violations of his due process rights under the Fourteenth, Sixth, and Fifth Amendments.  (ECF No. 43-22.)  Clark also attached several handwritten

---

[1] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).



attachments to his application that were duplicative to the attachments to his March 2012 PCR application.² This action followed.

## FEDERAL HABEAS ISSUES

Clark's federal petition for a writ of habeas corpus raises the following issues:

**Ground One:** Violation of Due process, constitutional error jury instructions
**Supporting facts:** [S]tate court used the "hands of one hands of all" accomplice liability doctrine to secure a conviction based on the belief that I aided my co-defendant in committing murder. After trial and conviction, my co-defendant was then tried and a[c]quitted after multiple witnesses testifying against him. Therefore resulting in an illegal conviction using jury instructions that violate constitutional law and for a gross miscarriage of justice that demands correction[.]

**Ground Two:** Ineffective assistance counsel
**Supporting facts:** Trial counsel and PCR counsel erred in not objecting to and raising the argument on appeal of improper jury instructions. Trial counsel also failed to call forth witnesses who could provide alibi that supports the forensic evidence of state, pointing to defendant[']s innocence. Counsel fail[e]d to object to jury instructions that amended indictment, appeal counsel failed to amend P.C.R. petition to include relevant issues[.]

**Ground Three:** Trial court amended indictment to include offense not presented in indictment resulting in unjustifiable conviction
**Supporting facts:** [U]sing aforementioned jury instructions, the trial court amended indictment in order to seek a conviction on a charge[] that was not included in the indictment or is a lesser known offense or element of the crime. Aiding and abetting is a element of the crimes. Accessory and conspiracy not murder as it[']s defined in [§] 16-3-10 of the S.C. Code of laws.

**Ground Four:** Trial court failed to grant direct verdict after forensic evidence supported claim of innocence and all other evidence was insufficient to support conviction on murder.
**Supporting facts:** [F]orensic evidence was offered by an expert of the state that showed that according to the evidence and statements by witnesses the only person who could have committed the crime was state's chief witness. Other witnesses

---

² The respondent states that on December 20, 2012, the PCR court entered an order merging Clark's two 2012 PCR applications into a single PCR action under the earlier docket number 2012-CP-40-2133; however, the respondent points out that this order was entered after the March 2012 PCR application had been dismissed. (<u>See</u> Respt.'s Mem. Supp. Summ. J.; ECF No. 43 at 24 n.2.; <u>see also</u> Unsigned Order, ECF No. 43-25.)



> [were] insufficien[t] to support conviction when one of the witness contradicted herself in her statement and on stand by trying to collaborate with another witness by stating she was standing beside him during crime. Other witness denied this.

(Pet., ECF No. 1.) Clark filed an amendment to his Petition on November 16, 2012 in which he listed the following additional five claims:[3]

> **Ground Five:** Trial counsel failed to object to trial court[']s burden shifting jury instruction in violation of the due process clause of the 5th and [F]ourteenth [A]mendment as well as a multiple other federal cases[.]
>
> **Ground Six:** Trial court issued erroneous jury instructions that allowed the constructing of indictment to include offense not alleged in indictment[.]
>
> **Ground Seven:** Whether the state erroneously convicted Petitioner under Hands of one Hands of all accomplice liability doctrine and failed to convict co-defendant whether this error constitutes clear prejudicial prejudice?
>
> **Ground Eight:** Whether trial court committed reversible error by amending indictment during jury instruction to include elements of an offense not alleged in indictment erroneously shifting burden of proof to defendant.
>
> **Ground Nine:** State failed to meet burden of proof. Requiring them to prove every element beyond a reasonable doubt of the charge of murder violating the Due Process clause of the 5th and 14th Amendments.

(Am. Pet., ECF No. 14.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing

---

[3] Although Clark's amendment refers to his claims as Grounds One through Five, it is unclear whether Clark intended the grounds presented in his amendment to be additional claims or amendments to the grounds presented in his original Petition. Therefore, for clarity and out of an abundance of caution, the court has renumbered his additional claims as Grounds Five through Nine. (But see Petr.'s Response Opp'n Summ. J., ECF No. 56 at 2) (listing only four grounds for relief).



to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c)), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to



§ 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence



v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.

**D.      Summary Judgment Motion**

    **1.      Procedural Bar**

The respondent first argues that to the extent that Clark's claims are cognizable grounds for federal habeas review, Grounds One through Three and Grounds Five through Eight, as well as portions of Ground Four are procedurally barred from federal habeas review.  Thus, according to the respondent, the sole claim presented by Clark that is cognizable for federal habeas review and properly exhausted is his allegation that the trial court erred in refusing to grant a directed verdict to the charge of murder, as this is the only claim that was properly preserved at the trial level and presented to the appellate courts.  (See ECF No. 43-6 at 5.)  This claim is arguably presented as part of Ground Four and in Ground Nine.

The remaining claims that the respondent argues are procedurally barred include Clark's claims alleging violations of his right to due process and unconstitutional jury instructions as well as claims raising issues regarding his indictment and resulting convictions (Grounds One, Three, Five through Eight).  The respondent also argues that Clark's claims that trial counsel was ineffective

in failing to object to improper jury instructions and in failing to call alibi witnesses (Ground Two)[4] are procedurally barred.  Finally, the respondent contends that Ground Four contains two arguments in support of Clark's claim that the trial court erred in denying his motion for a directed verdict that are procedurally barred because they were not presented to the trial court in support of the motion or to the appellate court in his belated appeal.  These arguments include Clark's contention that the testimony of one of the State's experts indicated that only the chief eyewitness could have fired the fatal shot and that one of the witnesses undermined the sufficiency of the evidence.

Upon review of the record and the parties' filings, the court agrees with the respondent and finds that Grounds One through Three, part of Ground Four, and Grounds Five through Eight are procedurally barred as none of these issues was properly presented to the state appellate courts.  See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these Grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Clark attempted to raise them now.  See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.  Therefore, these Grounds are

---

[4] To the extent that this ground also alleges that PCR appellate counsel was ineffective in failing to raise these allegations in his PCR appeal, such a claim is not cognizable.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Martinez v. Ryan, 132 S. Ct. 1309, 1315 (stating that, "while § 2254(i) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause' ").



procedurally barred unless Clark can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750.

To the extent that Clark argues that a fundamental miscarriage of justice will occur if these claims are not considered by including in his response in opposition to summary judgment a claim of actual innocence (ECF No. 56-1 at 2), the court finds that Clark's conclusory and speculative argument fails to meet the relevant standard. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). The court finds that Clark has failed to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29.

### 2. Directed Verdict

Claims of sufficiency of evidence are cognizable on collateral review. However, "a federal court's review of such claims is 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-406 (citing Wright, 505 U .S. at 292).



When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also McDaniel v. Brown, 130 S. Ct. 665, 673 (2010) (*per curiam*) ("Jackson requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.' ") (quoting Jackson, 443 U.S. at 319).  Where there are conflicting inferences, the reviewing court must presume " 'that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " McDaniel, 130 S. Ct. at 673  (quoting Jackson, 443 U.S. at 326).  In evaluating a Jackson sufficiency of the evidence claim in a federal habeas petition, the relevant inquiry is "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the standard enunciated in] Jackson."  Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (internal quotations and citations omitted) (alterations in original); see also Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (*per curiam*); McDaniel, 130 S. Ct. at 673-74 (evaluating a Jackson claim in accordance with the standard of review set forth in § 2254(d)(1)).

In affirming the trial court's denial of Clark's motion for a directed verdict, the South Carolina Court of Appeals ("Clark Court") first summarized the evidence and testimony presented at trial. (ECF No. 43-14 at 3-4.)  The Clark Court observed that "[a]t the close of the State's case, [Clark] moved for a directed verdict, arguing the State had produced only one witness to the shooting and that witness, by his own admission, was under the influence of marijuana and there was insufficient lighting for him to make a proper identification."  (ECF No. 43-14 at 4.)  Further, the Clark Court stated that the trial court denied this motion, finding sufficient evidence had been presented. In rejecting Clark's argument on appeal, the Clark Court found the following:

> Viewing the evidence in the light most favorable to the State, including (1) Hammond's eyewitness testimony identifying Petitioner as the shooter, (2) Jacob's testimony she observed Petitioner and Cribb "peeping" around the building, saw the resulting chase and heard a gunshot, and then observed Petitioner and Cribb running past the building and exclaiming they "got that m—— f——," (3) Scott's testimony that he saw two individuals running by his window after the gunshot, and his identification of Petitioner's voice laughing and exclaiming, "We got that son of a b——," and (4) Turnipseed's identification of Petitioner as one of the two people he saw running by that night after hearing the gunshot, his testimony regarding problems that developed between Victim and Petitioner a couple of days to a week before the shooting, and his testimony concerning Petitioner's threat in reference to Victim, it is clear that the case was properly submitted to the jury. Though Petitioner points to discrepancies in the evidence raising doubt as to the identity of the shooter, the courts must look to the existence or nonexistence of evidence and may not make credibility determinations.

(ECF No. 43-14 at 5.)

In his Petition and in response to the respondent's motion for summary judgment, Clark essentially reargues his position to this court, *i.e.* that there are discrepancies or reasons to doubt the credibility of witnesses and the identity of the shooter.[5] However, Clark has failed to demonstrate that the state appellate court's decision was so fundamentally unfair that it resulted in a denial of due process. See 28 U.S.C. § 2254(a) (stating that a writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Moreover, to the extent that Clark is challenging the state court's determination of the facts, upon review of the record the court finds that there is no support for any argument that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). Furthermore, viewing the evidence in the light most favorable to the prosecution and resolving any conflicting inferences

---

[5] To the extent that Clark argues that the prosecutor committed prosecutorial misconduct by knowingly using false or perjured testimony, the court observes that such a claim is not properly before the court. Moreover, even if it were, the court observes that Clark failed to present this claim to the state appellate courts.



in favor of the prosecution, the court concludes that Clark cannot demonstrate that there was insufficient evidence at trial from which any rational trier of fact could have found that Clark was guilty of murder as defined under state law beyond a reasonable doubt.  See Jackson, 443 U.S. at 319; see also McDaniel, 130 S. Ct. at 673-74; S.C. Code Ann. § 16-3-10.  Therefore, Clark cannot demonstrate that the state appellate court's determination that the trial court did not err in denying Clark's motion for a directed verdict was an "objectively unreasonable application of [the standard enunciated in] Jackson."  Williams, 494 F.3d at 489; see also 28 U.S.C. § 2254(d)(1).  Accordingly, Clark is not entitled to habeas relief.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 44) be granted.  In light of the court's recommendation, Clark's motion for an evidentiary hearing should be denied.  (ECF No. 49.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).