IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Clark, | ) | Civil Action No.: 0:12-cv-02669-RBH |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Fred B. Thompson, *Interen Warden*, | ) | |
| | ) | |
|     Respondent. | ) | |
| | ) | |

Petitioner Anthony Clark, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent Fred B. Thompson filed a return and memorandum, as well as a motion for summary judgment. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and deny Petitioner's petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This habeas petition arises from Petitioner's indictment for and conviction, after trial, of murder in Richland County, South Carolina. He was sentenced to a term of life imprisonment. The facts and procedural history of this case are well-represented by the Magistrate Judge in her R&R and need not be restated in full. However, for the purposes of this order some additional procedural history is required. In September 2012, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus with this Court, raising several habeas claims.[2] Respondent filed his return and a

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.
[2] The Court notes that Petitioner raises many "grounds" for habeas relief in three separate filings. Respondent and the Magistrate Judge consider nine—four from Petitioner's initial petition and five

motion for summary judgment on March 6, 2013. ECF Nos. 43, 44.  After receiving notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner timely responded to Respondent's motion. ECF No. 56.  Petitioner also filed a motion for an evidentiary hearing. ECF No. 49. Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant Respondent's motion and dismiss Petitioner's petition. R&R, ECF No. 68.  Petitioner filed timely objections to the R&R. ECF Nos. 75, 77.[3]  The motions, recommendations of the Magistrate Judge, and Petitioner's objections are now before this Court.

---

from an amended petition. ECF Nos. 1, 14, 20.  Petitioner, however, also filed a *second* amended petition with two additional but cumulative grounds. ECF No. 20.  In one ground, he argues that the "State failed to prove and did not meet burden of proof required by the fifth and sixth amendment to prove each element of the charge beyond a reasonable doubt."  In the other ground, he asserts that his "trial counsel failed to conduct any pretrial investigation to find out if any potential witnesses was available."  Finally, despite the eleven grounds that Petitioner raises in his original and amended petitions, he only addresses four in his response to Respondent's motion for summary judgment. Accordingly, in order to bring clarity to analysis of Petitioner's claims, the Court, after a thorough review of the record, groups Petitioner's habeas claims into the following categories. First, Petitioner contends that the *trial court's* "hand of one is the hand of all" jury instruction was erroneous and improperly amended the indictment, effectively changing the charge against him ("Ground 1").  Second, he maintains that the *trial court* erred when it failed to grant a directed verdict in light of forensic evidence and an allegedly unreliable witness ("Ground 2").  Third, Petitioner claims his trial and appellate counsel were ineffective for several reasons.  In addition to arguing his trial counsel was ineffective for either not objecting to or allowing the trial court to commit the noted errors ("Ground 3A"), Petitioner asserts that his trial counsel failed to conduct an adequate investigation regarding two potential alibi witnesses and to call them to the stand in his defense ("Ground 3B").  Moreover, he claims his appellate counsel was ineffective in failing to challenge the trial court's improper jury instructions on appeal ("Ground 3C").  Ground 2 is the only claim that the Magistrate Judge reported was not procedurally barred.

[3] Petitioner filed a motion to amend his objections within the period for filing objections. ECF No. 77.  Accordingly, the motion is granted, and Petitioner's objections will be considered.  Petitioner also sent the undersigned a letter on March 14, 2014, bringing to the Court's attention his "main concern" that he was "convicted for a crime by an amended indictment."  He argues that the "jury instructions . . . made him responsible for the actions of a co-defendant who was never mention in indictment, nor [sic] ever convicted of a crime."  ECF No. 79.  The Court will not construe the letter as objections as they are untimely; however, the issues raised in the letter were previously raised in Petitioner's timely objections.  For that reason, the Court shall address them.

2

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Magistrate Judge recommends granting Respondent's motion for summary judgment. After reviewing the record, the Magistrate Judge found that Petitioner was procedurally barred from raising all but one of his claims because they were not properly exhausted during his the state post conviction relief ("PCR") proceedings. The Magistrate Judge reviewed the one claim properly preserved for consideration of the merits and concluded that it was without merit. That claim, Ground 2, raised the question of whether the trial court properly denied Petitioner's motion for

directed verdict at trial under the Due Process Clause. Ultimately, the Magistrate Judge found no basis for habeas relief and recommended granting Respondent's motion for summary judgment. In his objections, Petitioner argues that the Magistrate Judge erred in finding his claims procedurally barred, arguing, for the first time, the ineffective assistance of the attorneys representing him in his PCR hearing and appeal. To that end, he asserts the Supreme Court's recent opinion in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which provided a basis, under conditions the Court will discuss below, for excusing a procedural default. After reviewing pertinent parts of the Magistrate Judge's recommendation *de novo* in light of Petitioner's objections, however, the Court finds no error. The Court shall address Petitioner's arguments for excusing procedural default, as well as the Magistrate Judge's decision on the merits, in turn.

## I.     Procedural Default

Petitioner, for the first time, cites the Supreme Court's recent holding in *Martinez* to support his argument that his claims that were not properly exhausted should not be defaulted and thus be considered by this Court on the merits. Indeed, Respondent contends in his motion for summary judgment that all of Petitioner's claims that were not properly exhausted should be denied as procedurally barred. Petitioner, in turn, argues in his response that he can show cause and prejudice for the default. Specifically, he cites the "failure to allow Petitioner some avenue to address his constitutional claims resulting in the conviction of one who is actually innocent." Resp. 7. As noted above, the Magistrate Judge ultimately concluded that Petitioner failed to make an adequate showing under the relevant standard to excuse his procedural default. Petitioner's new argument in his objections, citing the ineffectiveness of his PCR hearing and appellate attorneys, must be overruled as untimely and thus improper.

However, out of an abundance of caution, the Court shall address Petitioner's *Martinez* argument in his objections. As an initial matter, the Court must review the Magistrate Judge's procedural default recommendation. With the exception of one ground,[4] Petitioner does not specifically object to the Magistrate Judge's findings regarding the exhaustion of his claims, and after reviewing the R&R *de novo*, the Court agrees with the Magistrate Judge's recommendation that the only "ground" Petitioner has properly exhausted is his challenge of the trial court's denial of a directed verdict. Additionally, the Court agrees with the Magistrate Judge that Petitioner has not sufficiently shown that he is actually innocent of the crime for which he was convicted. Thus, without an adequate showing of a miscarriage of justice, Petitioner is required to show adequate cause and prejudice for the default. He relies on the holding of *Martinez* in making that showing.

The Court finds, however, that Petitioner has not made a sufficient showing under *Martinez* to excuse any of his defaulted claims. In *Martinez*, the Supreme Court held the following:

> [A] federal habeas court [may] find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (alterations in original). *Martinez*, therefore, only applies to *substantial* claims of ineffective assistance of trial counsel that were not raised by PCR

---

[4] The Court notes that Petitioner objects to the finding that his claim that his trial counsel was ineffective for failing to call alibi witnesses is not properly exhausted because he filed a habeas petition with the South Carolina Supreme Court. Pet'r's Objs. 8. Petitioner, however, properly filed an appeal of the PCR court's ruling and was represented by counsel. The only issue appealed from Petitioner's PCR hearing was whether Petitioner knowingly and intelligently waived his right to a direct appeal. Accordingly, this claim of Petitioner's was not fully exhausted, and the Magistrate Judge's finding was proper.

5

counsel in the initial review hearing. As this Court noted in footnote 2, one of Petitioner's habeas claims, Ground 1, regards the *trial court's* error (Ground 2 was not defaulted). Thus, the Court is limited only to the third category of ineffective assistance of counsel claims asserted by Petitioner and described in footnote 2. Of those claims, Ground 3B, which alleges his trial counsel's failure to investigate or call alibi witnesses, does not fall under *Martinez* because it was actually raised by his PCR counsel in his initial review hearing. Indeed, it was the attorney who represented him on the appeal of the PCR court's ruling who opted to not raise the issue. *Martinez* does not apply to attorney errors in appeals from PCR hearings. 132 S. Ct. at 1320 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.").

Furthermore, *Martinez* is not applicable to Ground 3C—Petitioner's claim that his appellate counsel was ineffective for failing to raise the trial court's alleged error in charging the "hand of one is the hand of all charge" during his belated appeal. Indeed, the South Carolina Court of Appeals' review of Petitioner's appeal under *State v. White*, 208 S.E.2d 35 (1974), included the review of errors of both the trial *and* PCR courts. Distinct from Ground 3B, Ground 3C alleges error in Petitioner's appellate attorney's failure to raise an issue during Petitioner's direct, although belated, appeal. The holding in *Martinez*, however, only concerns claims of ineffective assistance of *trial* counsel not raised by PCR counsel. *Trevino*, 133 S. Ct. at 1918. Accordingly, Petitioner also fails to show sufficient cause for the default of Ground 3C. Therefore, the only defaulted claim within

*Martinez*'s reach is Ground 3A[5]: whether his *trial counsel* was ineffective for failing to object to the trial court's "hand of one is the hand of all charge" to the jury.[6]

The Court finds that Petitioner has failed to show that the alleged error of his trial counsel is adequately substantial under *Martinez* to overcome default. Particularly, Petitioner has not shown that the alleged error merits a finding of ineffective assistance of trial counsel. As an initial matter, given the fact that the transcript from Petitioner's trial is already part of the record, this Court need not consider conducting an evidentiary hearing. Moreover, the merits of the claim were addressed by Respondent in his motion for summary judgment. All evidence and arguments to support the trial court's decision to charge the "hand of one is the hand of all" charge are thus before the Court. Accordingly, the Court turns to Respondents argument in his brief that Petitioner's trial attorney was not ineffective for failing to object to the charge because the trial court properly charged the law and the evidence at trial supported the charge.[7] ECF No. 43, at 46.

---

[5] To the extent Petitioner argues that his trial counsel was ineffective for somehow not objecting more vehemently to the trial court's ruling on his motion for a directed verdict, the Court dismisses the claim as defaulted and, alternatively, on the merits. Specifically, in light of *Martinez*, Petitioner fails to show how this "failure" of his trial counsel gives rise to a substantial habeas claim. First, Petitioner's trial counsel moved for a directed verdict and preserved the issue for appeal. Second, the ruling by the trial court was ultimately reviewed and affirmed by the South Carolina Court of Appeals. Third, and finally, this Court addresses the ruling in Part II of this order to the extent it can under § 2254's limited scope of review.

[6] Petitioner argues throughout his filings that the trial court amended his indictment. The Court notes, however, that this argument is a mischaracterization of the facts in the record. Indeed, Petitioner was indicted for and ultimately convicted of murder. The issue raised by Petitioner does not concern his indictment; the issue is really whether the trial court's jury charge of the law of accomplice liability was proper. That charge is quoted in footnote 7.

[7] The trial court charged the jury as follows:

> I would further charge you, Mr. Foreman and ladies and gentlemen, that when two or more persons aid, encourage, and abet each other in the commission of a crime, all who are present are principles [sic] and are equally guilty. Where two or more persons combine together to commit a crime and the crime is committed, all of those who are present to aid and abet and assist in the commission

7

"It is well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense." *State v. Condrey*, 562 S.E.2d 320, 325 (S.C. Ct. App. 2002) (quoting *State v. Dickman*, 534 S.E.2d 268, 269 (S.C. 2000)). "Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the

---

> of that crime are guilty. The act of one becomes the act of all. The hand of one becomes the hand of all. And it makes no difference by whose immediate agency the crime is committed. All are principles [sic].
>
> However, mere presence or association at the scene of the crime without an intent to aid, abet, or assist in its commission would not constitute guilt.
>
> So the burden is upon the State to establish beyond a reasonable doubt both that the defendant was present and that he was there with a criminal intent; that is to say with the intent to commit the murder or to aid, encourage, and abet another or others in committing the offense of murder.
>
> I would further charge you, Mr. Foreman and ladies and gentlemen, that if several persons agree or conspire to commit a felony, each of those persons is criminally responsible for the acts of his associates or confederates which are done in furtherance or in prosecution of the common purpose for which they combine.
>
> The common purpose, ladies and gentlemen, may not have included or may not have been involved in the killing, the murder of anyone. But if in executing this common design and purpose and if it were unlawful and in the execution of this common purpose a homicide is committed by one of the confederates or one of the associates and you the jury determine from the proof beyond a reasonable doubt that the homicide was a probable or natural consequence of the acts which were done in pursuance of this common design, then, Mr. Foreman and ladies and gentlemen, all who were present either actually or constructively and participating in the unlawful common design are as guilty as the slayer himself or herself.

Trial Tr., ECF No. 43-4, at 34–36.

8

execution of the common design and purpose." *Id.* at 324 (citing *State v. Langley*, 515 S.E.2d 98 (S.C. 1999)). "Under an accomplice liability theory, 'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.' " *Id.* at 325 (citing *Langley*, 515 S.E.2d at 101). " 'The law is that when two or more persons aid, encourage, and abet each other in the commission of a crime, all being present, all are principals and equally guilty.' " *State v. Hicks*, 185 S.E.2d 746, 748 (S.C. 1971) (quoting *State v. Williams*, 199 S.E. 906 (S.C. 1938)).

The evidence presented at the trial provided a sufficient basis for the trial court to give the charge. Specifically, the testimony presented at trial indicated that if Petitioner was not the one who fired the fatal shot, he was acting pursuant to a plan to kill the victim at the time of the murder. Several witnesses placed Petitioner at the scene when the shooting occurred. One witness, Alfred Turnipseed, testified that he saw Petitioner and Petitioner's co-defendant run by him immediately after the shooting and that Petitioner had earlier threatened the victim. Another witness, Michael Hammond, testified that he saw Petitioner with a gun. Two other witnesses' testified about statements made immediately after the shooting that suggested that Petitioner and his co-defendant were acting in concert. One witness, Neicy Jacobs, testified that she saw "two boys running past the building saying, we got that mother f[---]er." The other witness, Timothy Scott, overheard the two men laughing and saying "[w]e got that son of a b[---]h." Altogether, this testimony created a question as to whether Petitioner and his co-defendant were acting in concert, a question of fact that had to be considered by the jury. Petitioner has thus failed to show that his trial counsel acted unreasonably in failing to object to the trial court's charge. *See* 28 U.S.C. § 2254(d) (providing that a successful habeas claim requires a decision (1) "that was contrary to, or involved and unreasonable application of, clearly established Federal law, as determined by the Supreme Court,"

9

or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"); *Strickland v. Washington*, 466 U.S. 668, 694 (1985) (applying a reasonableness standard to a trial attorney's performance). As such, the Magistrate Judge's recommendation that all claims are procedurally barred is without error, and Petitioner's relevant objections are overruled.[8]

## II.     Motion for a Directed Verdict

The only claim addressed by the Magistrate Judge on the merits was Ground 2. That habeas claim alleged that the trial court erred in denying his motion for a directed verdict. In her R&R, the Magistrate Judge examined the law and the evidence presented at trial and reported that the evidence was sufficient to support a conviction under *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. In his objections, Petitioner argues that the Magistrate Judge "incorrectly concludes that [he] was not entitled to a direct verdict of not guilty." ECF No. 75, at 10. He rehashes his argument raised in his petition and response. The Court has conducted a *de novo* review of the record and finds that the Magistrate Judge's recommendation is proper. There is sufficient evidence in the record to support a conviction of murder, including the evidence discussed above to support the trial court's "hand of one is the hand of all" jury charge. Again, this Court must view the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319. Accordingly, Petitioner's objections are overruled.

---

[8] To the extent that Petitioner continues to argue that his actual innocence creates a miscarriage of justice requiring this Court to consider his defaulted claims on the merits, the Court, after a review of the record, agrees with the Magistrate Judge's analysis that Petitioner has failed to present any new reliable evidence that was not already presented at trial and failed to show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See* R&R 11.

#### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

#### CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motion for summary judgment, the parties' briefs, the Magistrate Judge's R&R, Petitioner's objections, and the applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment (ECF No. 44) is **GRANTED** and that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*. Petitioner's motion for an evidentiary hearing (ECF No. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
March 25, 2014